UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE JUNE SOREY,

    Petitioner,

v.                                          Case No. 5:14cv141/RS/CJK

JULIE JONES,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as an unauthorized second or successive habeas corpus application, arguing in the alternative that the claim raised therein is procedurally barred as an abuse of the writ, is procedurally defaulted and is devoid of merit. (Docs. 8, 12). Respondent has provided relevant portions of the state court record. (Doc. 12). Petitioner opposes all of respondent's arguments. (Docs. 10, 19). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court

show that the petition does not run afoul of AEDPA's restrictions on "second or successive" petitions or abusive claims; nevertheless, the claim raised in the petition is procedurally defaulted. Federal habeas relief should be denied on this latter basis.

BACKGROUND AND PROCEDURAL HISTORY

On January 20, 1987, petitioner was indicted on one count of first degree murder and one count of robbery with a firearm in the Circuit Court for Jackson County, Florida, Case Number 86-CF-521. (Doc. 12, Ex. C, pp. 1-2).[1] Petitioner proceeded to jury trial. The trial court granted a judgment of acquittal on the robbery count. The jury found petitioner guilty as charged of first degree murder. (Ex. C, pp. 298, 670-71). The jury recommended a sentence of death by a vote of 8-4 (Ex. C, pp. 327, 712-714), but the trial court overrode the jury's recommendation and sentenced petitioner to life in prison with the possibility of parole after 25 years, with 252 days of jail credit. (Ex. C, pp. 369-373). Petitioner's judgment of conviction was affirmed on direct appeal on August 3, 1988, per curiam and without a written opinion. *Sorey v. State*, 529 So. 2d 1123 (Fla. 1st DCA 1988) (Table) (copy at Ex. G).

In 1989, petitioner filed a § 2254 petition in this court, asserting that his due process and equal protection rights were violated when the trial court denied his motion for mistrial made in response to improper prosecutorial comments during summation. (Ex. I; *see also Sorey v. Ellis*, Case No. 89-50006/RV/SMN). The State asserted an exhaustion defense (asserting that when petitioner raised the issue on direct appeal he did not apprise the state court of the federal constitutional nature of his claim) and argued in the alternative that the claim was without merit. (Ex. J). In response, petitioner voluntarily dismissed the petition. (Exs. M, N).

---

[1]All references to exhibits are to those provided at Doc. 12, unless otherwise noted.

Case No: 5:14cv141/RS/CJK

On June 12, 1989, petitioner filed a motion for postconviction relief in state court under Florida Rule of Criminal Procedure 3.850, presenting the claim he raised in his first § 2254 petition. (Ex. AA). The state circuit court denied the motion as procedurally barred (petitioner's claim either was, should, or could have been raised on direct appeal). (*Id*.). The Florida First District Court of Appeal ("First DCA") per curiam affirmed without opinion, with the mandate issuing December 21, 1989. *Sorey v. State*, 553 So. 2d 1170 (Fla. 1st DCA 1989) (Table) (Exs. P, Q).

On June 18, 1991, petitioner filed a second Rule 3.850 motion. (Ex. S). The state circuit court denied the motion as untimely. (Ex. T). The First DCA per curiam affirmed without opinion, with the mandate issuing March 4, 1992. *Sorey v. State*, 594 So. 2d 740 (Fla. 1st DCA 1992) (Table) (Exs. U, V).

On or about September 21, 1995, petitioner filed another § 2254 petition in this court, asserting three grounds for relief: (1) denial of due process when the prosecution failed to provide the defense with exculpatory material (depositions and reports of three emergency medical technicians); (2) ineffective assistance of trial counsel for failing to instruct the jury that petitioner was acquitted of the robbery underlying the first degree murder charge and (3) denial of due process when the trial court failed to instruct the jury that petitioner was acquitted of the robbery underlying the first degree murder. (Ex. X; *see also Sorey v. Singletary*, Case No. 95-50234/RV/MD). This court denied the petition on the grounds that all of petitioner's claims were procedurally defaulted, having been rejected by the state court on independent and adequate state procedural grounds. (Exs. BB, CC).

On October 30, 2008, petitioner filed a state habeas petition under Fla. R. Crim. P. 3.850(h). (Ex. DD). On December 16, 2009, the state circuit court dismissed the motion/petition as untimely and procedurally barred. (Ex. EE). Petitioner's motion

for rehearing was denied on January 14, 2009. (Exs. FF, GG). Petitioner did not appeal.

On August 19, 2013, petitioner filed a motion to correct jail credit under Fla. R. Crim. P. 3.801. (Ex. HH). The state circuit court granted the motion on October 22, 2013, as follows:

<u>ORDER GRANTING DEFENDANT'S MOTION TO CORRECT SENTENCE AND</u>
<u>ORDER AMENDING JUDGMENT AND SENTENCE WITH DIRECTIONS FOR CLERK</u>

THIS MATTER is before the Court on the Defendant's Motion to Correct Sentence/Jail Credit pursuant to Fla. R. Crim. P. 3.801 filed on August 20, 2013. Having considered said Motion, court files and records, and being otherwise fully advised, this Court finds as follows:

On August 17, 1987, the Court sentenced the Defendant to serve life without the eligibility of parole for 25 years in the Department of Corrections for the crime of First Degree Murder with 252 days of jail credit. Following a direct appeal, the Defendant's case was per curiam affirmed. <u>See</u> *Sorey v. State*, 529 So. 2d 1123 (Fla. 1st DCA 1988). Defendant files the instant Motion to Correct Sentence alleging an illegal sentence and asserting entitlement to further jail credit. The attached record reflects that the Defendant was first arrested on December 8, 1986 and he was held in the Jackson County Jail until he was sentenced on August 17, 1987. Thus, Defendant would be entitled to credit from December 8, 1986 until August 17, 1987, a total of 253 days.

Therefore, it is

ORDERED AND ADJUDGED as follows:

1. The Defendant's Motion to Correct Sentence/Jail Credit is hereby GRANTED;

2. The Defendant's Judgement and Sentence rendered on August 17,

    1987 in Jackson County Case No. 86-52 CF shall be AMENDED to reflect a grand total of two hundred and fifty-three (253) days of Jail Credit to be applied towards his sentence; and

  3. The Clerk of Court is directed to forward a certified copy of this Order to the Department of Corrections to ensure Defendant's sentence is properly calculated by DOC Officials.

(Ex. II).

  Petitioner filed the instant federal habeas petition on June 6, 2014. (Doc. 1). The petition raises one claim: "The Petitioner's Conviction And Sentence Were Obtained In Violation Of The Sixth And Fourteenth Amendments To The United States Constitution Where The Petitioner's Trial Counsel Failed To Inform Him Of The Availability Of A Voluntary Intoxication Defense." (Doc. 1, pp. 6-7). Respondent moves to dismiss the petition for lack of jurisdiction as an unauthorized second or successive petition. (Doc. 8). Respondent argues in the alternative that petitioner's claim should be denied because it as an abuse of the writ, procedurally defaulted and without merit. (Doc. 12). Petitioner responds that his petition is not second or successive, because the amendment of his judgment to reflect additional jail credit constitutes a new judgment. (Docs. 10, 19). As to respondent's remaining arguments, petitioner responds that he is not abusing the writ, that he is not subject to the exhaustion requirement, that his claim is not procedurally defaulted, and that his claim has merit. (Doc. 19).

DISCUSSION

<u>Jurisdiction</u>

  Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

consider the application." A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). The parties do not dispute that petitioner did not seek permission from the Eleventh Circuit to file a successive petition. Thus, this court has jurisdiction to hear the present petition only if this habeas corpus application is not second or successive.

Respondent argues the present petition is second or successive because petitioner filed a federal habeas petition in 1995 challenging his murder conviction. Petitioner responds that although he filed a federal petition in 1995, the correction of his sentence to award an additional day of jail credit resulted in a new, amended judgment. Petitioner contends his present petition is his first challenge to the new judgment and, therefore, is not "second or successive."

In *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L .Ed. 2d 592 (2010), the Supreme Court decided whether a habeas petition challenging a state prisoner's sentence after an intervening resentencing was "second or successive." Mr. Magwood challenged a death sentence imposed as part of resentencing in response to a conditional writ from a federal district court. Magwood argued that his sentence was unconstitutional because he did not have fair warning at the time of his offense that his conduct would be sufficient to warrant a death sentence under Alabama law, and that his attorney rendered ineffective assistance during the resentencing proceeding. The *Magwood* Court concluded that to determine whether a petition is second or successive, the court must look to the *judgment* challenged.

561 U.S. at 332-333. "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" *Burton*, 549 U.S. at 156 (*quoting Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)); *see also id.*, 549 U.S. at 156 (defining "judgment" as "the judgment pursuant to which [the petitioner] [i]s being detained."). The *Magwood* Court held that "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Magwood*, 561 U.S. at 341-42 (citation and internal quotation marks omitted). Because Mr. Magwood challenged only his new sentence and did not attempt to challenge his underlying conviction, the Court declined to address the question of whether its interpretation of the phrase "second or successive" in § 2244(b) "would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *ne*w sentence, but also his original, *undisturbed* conviction." *Id*. at 342. The Eleventh Circuit answered that question in *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273 (11th Cir. 2014).

In *Insignares*, the petitioner filed a federal habeas petition in 2007. The petition was dismissed as untimely. On April 1, 2009, Insignares filed a Florida Rule 3.800 motion to correct his sentence. The state judge granted the motion and reduced the mandatory-minimum imprisonment sentence for Insignares' attempted-murder conviction from 20 years to 10 years, but otherwise left his conviction and sentence intact. The judge entered the corrected sentence and new judgment on May 22, 2009. After unsuccessfully challenging his conviction in state court, Insignares filed another § 2254 petition in 2011. Insignares' 2011 petition *again challenged his conviction and raised the same issues as his 2007 petition*. The State argued the second petition was successive. Insignares argued that the reduction of the mandatory-minimum

sentence in 2009 resulted in a new judgment. The Eleventh Circuit agreed with Insignares and concluded that "when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." 755 F.3d at 1281. In reaching this conclusion, the court explained that "there is only one judgment, and it is comprised of both the sentence and the conviction." *Id*. The court went on to review Insignares' claims on the merits.

Here, the state court granted petitioner's motion to correct sentence, corrected petitioner's sentence to award additional jail credit, and expressly amended the 1987 judgment and sentence to reflect the corrected sentence. Respondent argues that *Magwood* and *Insignares* are distinguishable, because the trial court in *Insignares* "entered a new judgment", whereas, "here, *there is no new, intervening judgment*; there is only one, that rendered August 17, 1987." (Doc. 12, p. 10). Respondent also argues that "the state circuit court did not resentence Petitioner, but merely provided him with an additional day of jail credit. . . ." (Doc. 12, p. 11).

Despite the perhaps trivial change actually effectuated, petitioner's August 17, 1987 judgment was nonetheless superceded by the 2013 amended judgment – a new judgment which modified petitioner's sentence by awarding additional jail credit. The amended judgment and sentence reflects the most recent sentence authorizing petitioner's current detention. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention."). Controlling precedent compels the conclusion that petitioner's 2013 amended judgment and sentence constitutes a new judgment intervening petitioner's 1995 habeas petition and his present petition. This conclusion is consistent with

*Magwood*, *Insignares*, and this court's prior decisions. *See Mundy v. Sec'y Dep't of Corr.*, No. 5:11cv71-RH/GRJ (N.D. Fla. Apr. 18, 2012) (unpublished order) (concluding that federal habeas petition was not second or successive habeas corpus application because petitioner's sentence was amended for award of jail credit after first federal petition was dismissed as untimely, and subsequent petition was the first petition challenging the amended judgment (*citing Magwood*, *Ferreira*, *and Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011))). As a practical matter, although this result is certainly unappetizing to respondent, any other result would require some sort of *ad hoc* evaluation of the intervening judgment in order to determine whether such judgment is truly new.

The court's conclusion also draws support from the analogous context of applying the AEDPA's statute of limitations (determining whether the statute of limitations runs from the date of the original conviction and sentence or from the date of the corrected sentence). As District Judge Hinkle explained in addressing the timeliness of a federal habeas petition filed six years after the original judgment was entered but within one year of the state court's amending the sentence to award additional jail credit:

> The state court entered the 2011 amendment because the 2005 sentence failed to give Mr. Walker credit for time served. In Florida, a sentence that fails to give credit for time served is an illegal sentence. *See State v. Mancino*, 714 So.2d 429, 433 (Fla. 1998) (stating that "a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served"). When a sentence is substantively corrected, the defendant is, from that day forward, in custody on the corrected sentence, not on the original sentence. So Mr. Walker is now in custody on the 2011 order setting out the only legal sentence; Mr. Walker is not in custody on the 2005 order setting out the illegal (and now vacated) sentence.

> The respondent says the change was only technical, much like correcting a typographical error would be technical. But this was a substantive change. Florida law makes that clear.
>
> . . . .
>
> . . . The law is now settled that a revised sentence is a new "judgment" and that the first petition challenging the new judgment is not second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010); *Campbell v. Sec'y Dep't of Corr.*, 447 F. App'x, 25 (11th Cir. 2011) (unpublished opinion); *see also Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012); *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010); *but cf. Martin v. Bartow*, 628 F.3d 871 (7th Cir. 2010).

*Walker v. Sec'y, Dep't of Corr.*, No. 1:12cv282-RH/GRJ, 2014 WL 2095370, at *2 (N.D. Fla. May 20, 2014); *see also Brown v. Sec'y, Dep't of Corr.*, No. 1:13cv00110-MP/GRJ, 2014 WL 2991131 (N.D. Fla. July 3, 2014) (holding that petitioner was entitled to later triggering date of statute of limitations due to state court's granting motion to correct illegal sentence and amending sentence to award additional jail credit).

Because the present petition is petitioner's first application challenging the 2013 amended judgment, the petition is not "second or successive" under § 2244(b).

<u>Abuse of the Writ</u>

Respondent next argues that this court should decline to review petitioner's claim under abuse-of-the-writ principles, because petitioner could have raised his ineffective assistance claim in his 1995 application, but did not. Petitioner responds that his failure to raise his claim in his prior § 2254 petition does not constitute an abuse of the writ, because he did not have counsel in his first § 2254 proceeding. (Doc. 19, pp. 4-5).

The Court in *Magwood* addressed an argument similar to respondent's. In *Magwood*, the State urged the Court to dismiss the petitioner's fair-warning claim as successive or abusive because he had an opportunity to raise the claim in his first § 2254 petition, but failed to do so. The Court explained that AEDPA modified abuse-of-the-writ principles, and that the question of whether a claim should be dismissed or not heard because it could have been raised in a prior application is a "subsequent inquiry" made under 28 U.S.C. § 2244(b), only if the petition is deemed "second or successive." *Magwood*, 561 U.S. at 336-337; *see also id.* at 331 (framing the scope and effect of the *Magwood* Court's decision: "[I]f Magwood's application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals. If, however, Magwood's application was not second or successive, it was not subject to § 2244(b) at all, and his fair-warning claim was reviewable (absent procedural default)."). The Eleventh Circuit in *Insignares* applied this approach. After concluding that Insignares' petition was not second or successive, the court reviewed Insignares' claims on the merits, even though the issues raised challenged the undisturbed conviction and were the same claims raised in Insignares' first petition. The court did not apply abuse-of-the-writ principles to bar Insignares' claims.

Here, as in *Magwood* and *Insignares*, this is the first petition to address a new state court judgment (the 2013 amended judgment and sentence) that has not already been challenged in a prior § 2254 application. Thus, abuse-of-the-writ principles do not bar petitioner's claim. Respondent fails to cite any post-AEDPA case in which the Supreme Court or the Eleventh Circuit dismissed a claim as abusive when it was raised in a first application challenging a new judgment. Petitioner's ineffective assistance claim is reviewable absent procedural default.

Procedural Default

Although petitioner's petition does not run afoul of AEDPA's restrictions on "second or successive" petitions or abusive claims, AEDPA's other restrictions still apply. *See Magwood*, 561 U.S. at 340 (characterizing as "greatly exaggerated" the dissent's concern that the majority's ruling "will allow 'petitioners to bring abusive claims so long as they have won any victory' . . ."; emphasizing that "procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not."). Section 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that" the applicant has exhausted the remedies available in the state courts, there is an absence of available state corrective process, or circumstances exist that make the process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1).

When asked on the petition form whether he presented his ineffective assistance claim in state court, petitioner responded that he did not raise the issue because: "Florida law states that resentencing does not affect the finality of a criminal judgment." (Doc. 1, p. 8). Respondent asserts that petitioner's claim is procedurally defaulted, because he failed to present it to any state court and is now procedurally barred from doing so. (Doc. 12, pp. 20-25). Petitioner responds that his claim is not procedurally defaulted "because the state corrective process is 'ineffective to protect the rights of the applicant'" and because "it would be futile for him to attempt to present this claim to the state court." (Doc. 19, p. 5). Petitioner explains, again: "Under Florida law, resentencing does not affect the finality of a criminal judgment." (*Id.*).

Florida provides an effective corrective process for claims challenging a criminal conviction on grounds of ineffective assistance of counsel – a motion under Fla. R. Crim. P. 3.850. Petitioner could have availed himself of this state corrective process several years prior to the correction of his sentence – in a timely Rule 3.850 motion. Petitioner failed to do so and is now barred by state procedural rules (Rule 3.850's two-year time limitation) from doing so. This failure renders petitioner's claim technically exhausted (because state remedies are no longer available) but procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) ("[I]f state court remedies are no longer available, . . . those remedies are technically exhausted, [ ] but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court; instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding (*citing Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Coleman v. Thompson*, 501 U.S. 722, 744-51, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991))). Rule 3.850's procedural restrictions do not excuse petitioner from complying with the exhaustion requirement, nor do they excuse his procedural default.

Petitioner also argues that the procedural default doctrine does not apply because his claim was not presented to the state courts and, consequently, never rejected by a state court on state procedural grounds. (Doc. 19, p. 6). This argument is without merit. The procedural default doctrine applies not only to claims that were presented to the state courts and rejected on independent and adequate state procedural grounds, but also to claims that were never presented to the state courts. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally

barred from federal review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *see also Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."). Petitioner never presented his present ineffective assistance claim to the state courts. Petitioner is now barred by state procedural rules from exhausting his claim. *See* Fla. R. Crim. P. 3.850(b) (providing a two-year time limitation for postconviction motions attacking a criminal judgment on constitutional grounds); Fla. R. Crim. P. 3.805(h) (providing for the dismissal of second or successive motions). Petitioner's ineffective assistance claim is procedurally defaulted. Ironically, then, the procedural default dilemma, arising as it does here, may well answer much of the concern about revived, but seemingly stale or successive, habeas claims.

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*,

477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Petitioner has made none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars federal habeas review of his claim.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of

appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss the petition for lack of jurisdiction as an unauthorized second or successive habeas application (doc. 8) be DENIED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Willie June Sorey* in the Circuit Court for Jackson County, Florida, Case No. 86-CF-521, be DENIED on the grounds that petitioner's claim is procedurally defaulted.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 25th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.